IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE BOYER,                  :  |   |   |
|     Plaintiff,                :  |   |   |
|                               :  |   |   |
| v.                            :  | CIVIL ACTION NO. 20-CV-5772 |   |
|                               :  |   |   |
| MARIROSA LAMAS, *et al.*,     :  |   |   |
|     Defendants.               :  |   |   |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                           **DECEMBER 1, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Bruce Boyer, proceeding *pro se*. Also before the Court is Boyer's Application to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Boyer is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATONS**[1]

Boyer, a former prisoner previously incarcerated at State Correctional Institution – Rockview ("SCI Rockview"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment rights by Defendants Marirosa Lamas and Mark Glurt, both of whom he identifies as Superintendent at SCI Rockview, and Defendant Craig Steadman, a district attorney in Lancaster County. (ECF No. 2 at 3-4.)[2] Broadly, Boyer's Complaint alleges that he

---

[1] The factual allegations set forth in this Memorandum are taken from Boyer's Complaint and the documents attached thereto.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

was "sent to state prison" and unlawfully confined for ten years "on a charge that wasn't [a]judicated." (*Id.* at 4-5; *see also Id.* at 10.) In the Complaint he specifically categorizes himself as a "confined illegally prisoner" and alleges that he was "held against [his] will, in Rockview prison without a charge." (*Id.* at 5.)

According to the Complaint, Boyer claims he was "committed to serve a sentence of 5 to 10 yrs [sic] on a charge that never went to trial" from approximately November 18, 2008 until November 18, 2018. (*Id.* at 10.) He asserts that his confinement at a "state institution [was] without legal standards [and imposed] by a court that denied [his] constitutional rights[.]" (*Id.*) He further claims that the Court of Common Pleas for Lancaster County "falsified records" and that that "state prison committed [him] to prison without a charge sheets, commitment papers." (*Id.*) In essence, the Court understands Boyer to be alleging that he was unlawfully imprisoned for ten years in connection with a criminal proceeding in Lancaster County, *Commonwealth v. Boyer*, CP-36-CR-0003278-2007 (Lancaster County Court of Common Pleas). Boyer appears to contend that his imprisonment was unlawful because that case never went to trial, because of alleged constitutional errors in that proceeding, and/or because of an error in his commitment paperwork. As relief, Boyer seeks $30 million in compensation for "this act of kidnapping" as well as his pain and suffering. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Boyer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Boyer is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

Boyer's Complaint raises claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.[3] Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Liberally construing the Complaint, Boyer seems to be bringing claims for false imprisonment and malicious prosecution. "[T]o recover damages [or other relief] for allegedly

---

[3] Although Boyer does not specifically reference any particular statute or legal authority, he submitted his Complaint on the form complaint utilized by this Court for § 1983 actions. This construction of the Complaint is also consistent with the nature of the allegations Boyer raises here.

3

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* 512 U.S. at 487. That is so even if *habeas* relief is no longer available to the litigant. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available.").

A search of the publicly available dockets for the Lancaster County Court of Common Pleas reveals that Boyer was arrested on or about April 13, 2007 for selling cocaine. *Commonwealth v. Boyer*, CP-36-CR-0003278-2007 (Lancaster County Court of Common Pleas) (hereinafter, "3278 Common Pleas Case") at 3. In presiding over a habeas petition Boyer filed challenging his conviction in the 3278 Common Pleas Case, the Honorable Linda K. Caracappa,

United States Magistrate Judge, described the history of Boyer's criminal proceedings and his post-conviction proceedings in state court relating to this charge as follows:

> On July 7, 2009, after the conclusion of a two-day jury trial, petitioner was found guilty of one count of delivery of cocaine. Petitioner's charges [were] result of an incident on April 13, 2007, in which the petitioner sold just under a gram of cocaine to Detective Kurt Miller, Lancaster City Bureau of Police. On October 2, 2009, petitioner was sentenced to a term of incarceration totaling no less than five (5) and no more than ten (10) years.
>
> Petitioner, with the aid of counsel, filed a post-sentence motion seeking a review of his sentence on October 14, 2009. Petitioner asserted that the sentence was illegal due to inaccurate calculations regarding his prior record and the effect of those calculations on the sentencing guidelines. After consideration by the court, this motion was denied on November 3, 2009.
>
> On September 16, 2010, petitioner filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C. S. § 9541, et seq. Attorney Vincent J. Quinn was appointed as counsel for petitioner, and an amended PCRA petition was filed on February 2, 2011.
>
> In response to petitioner's amended PCRA petition, a hearing took place before the Honorable Dennis E. Reinaker, Lancaster County Court of Common Pleas, on March 31, 2011. The court agreed that the incorrect use and calculation of petitioner's prior record scores entitled petitioner to relief. Subsequently, a re-sentencing date was scheduled.
>
> On April 7, 2011, the Honorable Dennis E. Reinaker presided over petitioner's new sentencing hearing. At the conclusion of the hearing, the court re-sentenced petitioner to no less than fifty-seven (57) months and no more than ten (10) years in conjunction with a fine of $1,000.00, court costs, and other special conditions.
>
> Petitioner, with the aid of counsel, filed a post-sentence motion to modify his sentence on April 14, 2011. Petitioner asserted that the new sentence imposed was manifestly excessive and unreasonable. The court denied this post-sentence motion on April 25, 2011.
>
> Petitioner then filed a timely notice of appeal with the Superior Court on May 1, 2011. Petitioner filed a counseled Pa.R.A.P.1925(b) statement on May 31, 2011. Subsequently, Judge Reinaker filed his memorandum of opinion on

> June 20, 2011. Judge Reinaker's opinion stated that petitioner's claims on appeal were meritless.
>
> . . .
>
> The Superior Court filed a memorandum decision on December 19, 2011. The Superior Court affirmed the trial court's sentence, finding no abuse of discretion. On January 12, 2012, petitioner filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania. That petition was denied by the Supreme Court on May 24, 2012.

*Boyer v. Lamas*, Civ. A. No. 12-1908, 2012 WL 4341826, at *1-2 (E.D. Pa. Aug. 17, 2012), *report and recommendation adopted*, 2012 WL 4359438 (E.D. Pa. Sept. 24, 2012). Boyer's petition under 28 U.S.C. § 2254 was ultimately dismissed without prejudice as premature on September 24, 2012. *Boyer*, 2012 WL 4359438, at *1. Boyer did not file another habeas petition.

Despite his claims in the Complaint that he was "unlawful[ly] confin[ed], kidnapped[,]" "confined for ten yrs [sic] without a charge" and served 10 years in prison on a charge that was never adjudicated, the public docket for the Lancaster County Court of Common Pleas and the record before the court on his 2012 habeas petition make clear that Boyer was charged, tried, convicted, and sentenced on the charges brought in the 3278 Common Pleas Case. Additionally, Boyer attached a document entitled "Court Commitment" to his Complaint which reflects that he was found guilty in the 3278 Common Pleas Case, sentenced to a term of not less than 5 years and no more than 10 years, and that the state court directed that Boyer "be delivered by the proper authority to and treated as the law directs at the SCI Camp Hill facility[.]" (ECF No. 2 at 7.)

The public docket for the Lancaster County Court of Common Pleas also reveals that on the same date he was charged in the 3278 Common Pleas Case, Boyer was also charged with drug offenses that took place on June 12, 2007. *Commonwealth v. Boyer*, CP-36-CR-0003276-

6

2007 (Lancaster County Court of Common Pleas) (hereinafter, "3276 Common Pleas Case"). The docket for the 3276 Common Pleas Case makes clear that Boyer was never tried or sentenced on the second charge for his alleged June 12, 2007 sale of cocaine. Rather, it appears that after he was tried, convicted, and sentenced in the 3278 Common Pleas Case, the 3276 Common Pleas Case was nolle prossed, and Boyer was never convicted, sentenced, or imprisoned on this second charge.

Accordingly, based on the Court's review of the public docket and the relevant criminal proceedings, it is clear that the conviction and sentence arising from Boyer's April 13, 2007 sale of cocaine in the 3278 Common Pleas Case were not reversed on direct appeal, were not expunged by executive order, were not declared invalid by a state tribunal, and were not called into question by the issuance of a writ of habeas corpus. Therefore, to the extent Boyer seeks damages in the instant case for his imprisonment or for alleged constitutional violations that occurred in the course of a criminal prosecution, it is clear that the prosecution did not terminate in his favor. Thus, Boyer cannot maintain such claims under § 1983 at this time. Accordingly, these claims will be dismissed without prejudice subject to refiling as a new case if a challenge to his conviction or sentence is later resolved in his favor.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Boyer leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**